UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

______

RONALD A. MURIEL PILLHUAMAN,

Petitioner,

Case No. 1:26-cv-2356

v.

Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

Respondents.
____________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE), initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24.)

In an Order entered on August 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the August 4, 2026, bond hearing on August 28, 2026. (Resp., ECF No. 7; Recording of Aug. 4, 2026,

Bond Hearing, filed on Aug. 28, 2026.) Petitioner filed his reply on September 1, 2026. (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a citizen of Peru who entered the United States in 2022. (Notice to Appear (NTA), ECF No. 7-1, PageID.59.) On June 30, 2026, Petitioner was arrested by ICE agents. (Warrant for Arrest, ECF No. 7-4, PageID.72.)

On August 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-7, PageID.77.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on August 4, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge